Citation Nr: AXXXXXXXX
Decision Date: 09/30/21 Archive Date: 09/30/21

DOCKET NO. 210831-182833
DATE: September 30, 2021

ORDER

Entitlement to service connection for hearing loss is denied. 

Entitlement to service connection for paraplegia T12 L1 (claimed as paraplegic back) is denied. 

FINDINGS OF FACT

1. The evidence is against finding the Veteran's hearing loss arose in service or within one year of separation, or is related to acoustic trauma during active service.

2. The Veteran's paraplegia is not related to his active service. 

CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for hearing loss have not been met. 38 U.S.C. § 1110, 1112, 1131; 38 C.F.R. § 3.303, 3.304, 3.307, 3.309, 3.385. 

2. The criteria for entitlement to service connection for paraplegia have not been met. 38 U.S.C. § 1110, 1131, 5107; 38 C.F.R. § 3.303, 3.310. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from January 1962 to January 1965.

In April 2021, the Veteran submitted a VA Form 20-0995, Decision Review Request: Supplemental Claim, and requested readjudication of hearing loss and paraplegia most recently addressed in a March 2021 rating decision. In August 2021, the agency of original jurisdiction (AOJ) issued the supplemental claim decision on appeal, which found that new and relevant evidence had been received and denied the claim based on the evidence of record at the time of that decision. Therefore, the Board may only consider the evidence of record at the time of the decision on appeal.

The August 2021 rating decision found that new and relevant evidence had been received to readjudicate the claim of service connection for hearing loss and service connection for paraplegia. This is a favorable finding by the agency of original jurisdiction (AOJ) and the Board will proceed to the address the claim on the merits. See 38 U.S.C. § 5104A; 38 C.F.R. § 3.104(c).

Service Connection 

Generally, direct service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Service connection requires: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. See Shedden v. Principi, 381 F.3d 1163, 1166-1167 (Fed. Cir. 2004).

Entitlement to service connection for bilateral hearing loss 

Certain chronic diseases, including sensorineural hearing loss, will be presumed related to service, absent an intercurrent cause, if they were shown as chronic in service; or, if they manifested to a compensable degree within a presumptive period following separation from service; or, if they were noted in service (or within an applicable presumptive period) with continuity of symptomatology since service that is attributable to the chronic disease. 38 U.S.C. § 1101, 1112, 1113; 38 C.F.R. §§ 3.303, 3.307, 3.309. Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013).

The Veteran seeks entitlement to service connection for hearing loss due to active service.

The August 2021 rating decision made the favorable findings that the Veteran's claimed disability is a chronic disease which may be presumptively linked to his military service, the Veteran was exposed to hazardous noise during service, and the Veteran has sufficient service to meet the minimum service requirement for presumptive service connection. These findings are binding on the Board and establishes an enumerated condition under 38 C.F.R. § 3.309(a); Walker, 708 F.3d 1331.

Service treatment records (STRs) do not contain complaints, treatment, or diagnosis for hearing loss. Two audiology tests are present in the STRs, and the examiner did not make any remarks of abnormality or a shift. See, January 1962 STR and November 1964 STR.

The March 2021 rating decision denied service because the Veteran's STRs do not contain complaints, treatment, or diagnosis for hearing loss. The Veteran submitted new and relevant evidence in the form of records from University of Texas Medical Branch/Texas Department of Criminal Justice (UTMB/TDCJ) Managed Care. These records do not contain any complaints, treatment, or diagnosis for hearing loss that is related to active service. The earliest recorded complaint regarding hearing loss is from January 2000. See, January 2000, UTMB Managed Care Clinic Notes.

The Board has requested an examination. However, an examination has not been completed because the Veteran's current incarceration facility does not have a soundproof audio booth to conduct an audio exam. The contract provider, Veterans Health Administration (VHA) and Texas Department of Criminal Justice (TDCJ), each have contracts or policies to prevent transport or have an incarcerated veteran transported outside of the correctional facility. Medical evidence that could possibly be gathered through an examination in a soundproof audio booth is unattainable.

While the Veteran is competent to report having experienced symptoms of difficulty hearing since service and consistently since service, he is not competent to provide a diagnosis in this case or determine that these symptoms were manifestations of sensorineural hearing loss for VA purposes, as the Veteran has not demonstrated the necessary medical expertise, and 38 C.F.R. § 3.385 requires certain thresholds of hearing impairment that are not observable in the absence of audiometric testing. This issue is medically complex, as it requires knowledge of interpretation of complicated diagnostic medical testing. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

Presumptive service connection under 38 C.F.R. § 3.309(a) is also not warranted because the evidence does not show that a chronic organic disease of the nervous system, to include hearing loss, became manifest to a degree of 10 percent or more within one year of the Veteran's date of separation from service in January 1965. 38 C.F.R. § 3.307(a)(3).

As such, neither a current diagnosis nor a nexus is established, and therefore entitlement to service connection for hearing loss is denied.

Entitlement to service connection for paraplegia T12 L1 (claimed as paraplegic) 

The August 2021 rating decision made the favorable finding that the Veteran has a diagnosis for paraplegia T12 L1. These findings are binding on the Board and establishes an enumerated condition under 38 C.F.R. § 3.309(a); Walker, 708 F.3d 1331.

However, after a thorough review of the record, the Veteran's diagnosis is not shown to be related to active service. 

Service treatment records (STRs) do not contain complaints, treatment, or diagnosis for paraplegia. The Veteran submitted new and relevant evidence in the form of records from University of Texas Medical Branch/Texas Department of Criminal Justice (UTMB/TDCJ) Managed Care. These records do not contain any complaints, treatment, or diagnosis for paraplegia that is related to active service. Furthermore, the Veteran reports that his paraplegia occurred outside of his military service. The accident that caused the Veteran's disability occurred in the 1970s. See, April 2021 Lay Statement.

Although treatment records from University of Texas Medical Branch/ Texas Department of Criminal Justice (UTMB/TDCJ) Managed Care show a diagnosis of paraplegia T12 L1, there is no objective evidence of record to link the diagnosis to active service. 

As neither an in-service incurrence or nexus is established, the claim for service connection for paraplegia T12 L1 is denied. 

 

 

David Gratz

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board M. Brewer, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.